IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-207-FL

| | |
|---|---|
| GORDON GRAVELLE, on behalf of himself, individually, and as officer of CODEPRO KEY CORPORATION, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KABA ILCO CORP., FRANK BELFLOWER, and CHARLES MURRAY, )<br>)<br>)<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on the application by plaintiff to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants plaintiff's motion to proceed in forma pauperis, but dismisses plaintiff's claims for relief on frivolity review.

**BACKGROUND**

On May 1, 2017, plaintiff, proceeding pro se, initiated this matter by filing a motion for leave to proceed in forma pauperis. Plaintiff owns and operates three manufacturing companies as sole proprietary businesses: CodePro Manufacturing, RapidKey Industries, and CodePro Key

---

[1] Although plaintiff individually names himself and CodePro Key Corporation as both plaintiffs in the caption of his complaint, (DE 1-1), he also refers to himself as a singular plaintiff throughout his complaint, perhaps recognizing that the law does not permit a corporation to proceed in forma pauperis and without the benefit of counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-03 (1993).

Corporation, all of which have their principle places of business and headquarters in Ontario, Canada, and all of which are engaged in "the design, consultation, distribution, and manufacturing of state-of-the-art electronic key cutting machines." (DE 1-1 at 4).[2] Defendant Kaba Ilco Corp. ("Kaba"), a limited liability company organized and existing under the laws of North Carolina with its principal place of business in this state, manufacturers key blanks and key cutting or duplication machines. Defendants Frank Belflower ("Belflower") and Charles Murray ("Murray") are former employees of Kaba.

Plaintiff and defendant Kaba have a lengthy history, dating back almost a decade and beginning when defendant Kaba purchased from plaintiff the right to manufacture and sell a key cutting machine, now known as the EZ Code. Plaintiff and defendant Kaba also have a lengthy legal history; this lawsuit against defendant Kaba is plaintiff's third in this court.

Here, plaintiff alleges that defendants have falsely advertised their EZ Code machine as having "patent pending" features. Plaintiff brings three claims, which are as follows: 1) claim pursuant to Federal Rule of Civil Procedure 60 for relief from prior judgment between Gravelle and Kaba in Gravelle v. Kaba, No. 5:13-CV-642-FL, 2) state law claim for violation of the North Carolina Unfair and Deceptive Practices Act ("UDPA"), N.C. Gen. Stat. § 75–1.1 et seq.,[3] and 3) claim pursuant to the "Competition Act of Canada."

---

[2] The court notes that in the cases previously filed by plaintiff against defendant Kaba with this court, plaintiff brought claims on behalf of himself and his company CodePro Manufacturing, not, as here, CodePro Key Corporation. (See Gravelle v. Kaba Ilco Corp., No 5:13-CV-160-FL ("Gravelle I"), DE 1 at 1; Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL ("Gravelle II"), DE 1-2 at 1).

[3] Although not listed as separate claims for relief, plaintiff additionally claims that defendants have violated the Patent Act and the Lanham Act.

## COURT'S DISCUSSION

A.  Motion to Proceed In Forma Pauperis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. The court finds that plaintiff has made a satisfactory showing of indigence. Accordingly, plaintiff's in forma pauperis application is GRANTED.

B.  Frivolity Review

    1.  Standard of Review

The court must dismiss a case brought in forma pauperis if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); see Denton v. Hernandez, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. Denton, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, White v. White, 886 F.2d 721, 722–23 (4th Cir.1989), the court is not required to accept a pro se plaintiff's contentions as true, Denton, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

    1.  Claim Pursuant to Rule 60

The court construes plaintiff's first claim as including requests for relief from prior orders pursuant to Rule 60(b) and 60(d). Plaintiff seeks relief from two orders issued by this court in Gravelle II, namely the court's orders granting defendant Kaba's motions for summary judgment

3

on May 9, 2016 and for expense reimbursement relating to a motion to compel on December 23, 2015.[4]

        a.      Motion Pursuant to Rule 60(b)

In <u>Gravelle II</u>, on May 12, 2017, plaintiff filed a Rule 60(b) motion for relief regarding the court's May 9, 2016 order, presenting the exact same arguments to the court that plaintiff presents here, that defendant 1) lied to the court in its answer and motion for summary judgment in <u>Gravelle II</u> as to whether defendant falsely advertised its EZ Code machine as having "patent pending"[5] and 2) did not provide contact information for four employees and former employees that could have provided testimony concerning various aspects of defendant's business.[6] The court considered those arguments and denied plaintiff's motion on February 28, 2018. (See <u>Gravelle v. Kaba Ilco Corp.</u>, No. 5:13-CV-642-FL, DE 103). Accordingly, the court dismisses as moot plaintiff's claim pursuant to Rule 60(b) for the same reasons previously articulated. (See <u>id.</u>).[7]

        b.      Motion Pursuant to Rule 60(d)(3)

A judgment may be set aside under Rule 60(d)(3) if the movant provides clear and convincing evidence of "fraud on the court." Fed.R.Civ.P. 60(3). Fraud on the court, as the Fourth

---

[4] Plaintiff additionally seeks relief from the court's July 15, 2016 order granting defendant Kaba's motion for attorney fees. However, the court has vacated that order reopened briefing concerning the same. Thus, this order is not a final order from which the court can grant relief.

[5] In <u>Gravelle II</u>, defendant Kaba admitted that EZ Code was inadvertently marked as patent pending where no patent was pending both in response to plaintiff's request for admission and in defendant's motion for summary judgment. Plaintiff's allegations rest on the denials asserted by defendant in its answer to plaintiff's complaint and defendant's later assertion in its motion for summary judgment that it had not since the commencement of this action ever denied making false patent pending claims for EZ Code. (See <u>Gravelle v. Kaba Ilco Corp.</u>, No. 5:13-CV-642-FL, DE 103 at 5 n.5).

[6] Current defendants Belflower and Murray are two of the former employees referenced.

[7] Plaintiff's previous Rule 60(b) motion did not request relief from the court's December 23, 2015 order, but the court's reasoning for denying plaintiff's previous Rule 60(b) motion equally applies to that order.

4

Circuit has emphasized, is "not your garden-variety fraud." Fox v. Elk Run Coal Co., 739 F.3d 131, 135 (4th Cir. 2014) (citation omitted). The doctrine instead involves "corruption of the judicial process itself," Cleveland Demolition Co. v. Azcon Scrap Corp., 827 F.2d 984, 986 (4th Cir.1986) (citation omitted), and "should be invoked only when parties attempt the more egregious forms of subversion of the legal process." Fox, 739 F.3d at 136 (citation omitted). Because of its "constricted scope," the fraud on the court doctrine is generally "limited to situations such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." Id. "Proving fraud on the court thus presents, under [existing] precedent, a very high bar for any litigant." Id. at 136–37.

Plaintiff argues here, as plaintiff argued in his Gravelle II Rule 60(b) motion, that defendant Kaba engaged in fraud on the court for the same reasons stated above, that defendant 1) lied in its answer and motion for summary judgment in Gravelle II as to whether defendant falsely advertised its EZ Code machine as having "patent pending" and 2) did not provide contact information for four employees and former employees that could have provided testimony concerning various aspects of defendant's business. The court addresses plaintiff's allegations again, in the context of Rule 60(d), to make clear that these allegations do not provide plaintiff with relief from the court's prior judgments.

Plaintiff's allegations, even if true, would not entitle plaintiff to relief under Rule 60(d)(3). First, plaintiff's allegations that defendant Kaba lied to the court in its filings concern standard evidentiary disputes, and as such provide no basis for relief. See Cleveland Demolition, 827 F.2d at 987 ("If a routine evidentiary dispute, which occurs in virtually all trials, could justify an action for fraud on the court, then any losing party could bring an independent action to set aside the

verdict, forcing extended proceedings in almost every case."). Second, plaintiff's allegations that defendant Kaba withheld contact information for certain witnesses, even if proven, would also provide no basis for relief. See Fox, 739 F.3d at 137 (holding "nondisclosure [of evidence] does not amount[] to anything more than fraud involving injury to a single litigant," not fraud on the court); Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1357 (4th Cir.1982) (holding that allegations of perjury and fabricated evidence were insufficient to establish fraud on the court).

Accordingly, the court dismisses plaintiff's claim pursuant to Rule 60(d)(3).

c. Motion Pursuant to Rule 60(d)(1)

Under Rule 60(d)(1), the court has the power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed.R.Civ.P. 60(d)(1). In order to prevail, a plaintiff must show: "(1) a judgment which ought not, in equity and good conscience, . . . be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence . . . ; and (5) the absence of any adequate remedy at law." Great Coastal Express, 675 F.2d at 1358. The Supreme Court has held that "under the Rule, an independent action should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998)

No such grave miscarriage of justice exists here. Additionally, plaintiff is not entitled to relief under Rule 60(d)(1), for the same reasons as stated above and stated in the court's previous denial of plaintiff's Rule 60(b) motion. (See, e.g., Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, DE 103 at 6 ("The court granted defendant's motion for summary judgment, and denied plaintiff's, because plaintiff failed to produce evidence that defendant's alleged actions

6

caused damage to plaintiff's business . . . . Plaintiff's allegations of fraud, even if proven, do not offer the court evidence that defendant's actions caused damage to plaintiff's business.")).

In sum, the court dismisses plaintiff's claims for relief pursuant to Rule 60(b) and (d).

2.  UDPA

Plaintiff's second claim is against defendants for violation of the UDPA for falsely advertising EZ Code machine as having "patent pending" features. Plaintiff also states, although not as separate causes of action, that defendants' actions also violate the Patent and Lanham Acts.

The court entered final judgment on the merits of Gravelle II on May 9, 2016, granting defendant Kaba's motion for summary judgment and denying plaintiff's motion for summary judgment. In that case, as here, plaintiff alleged that defendant, in violation of the UDPA, the Patent Act, and the Lanham Act, falsely advertised EZ Code as containing several "patent pending" features.[8] The court held that plaintiff failed to submit evidence sufficient to demonstrate 1) a "competitive injury" under the Patent Act, 2) damages proximately caused by defendant's conduct under the Lanham Act, and 3) injury proximately arising from defendant's conduct as required under North Carolina law. Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, 2016 WL 2644890 (E.D.N.C. May 9, 2016), aff'd, 684 F. App'x 974 (Fed. Cir. 2017).

A claim is barred by claim preclusion if there was "'(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.'" Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013) (quoting Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004)).

---

[8] In addition, in Gravelle II, plaintiff sought a declaratory judgment declaring unenforceable an arbitration agreement existing between the parties. The court held that plaintiff's claim asserting the invalidity of the arbitration was barred by claim preclusion as decided by this court previously. Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, 2014 WL 1513138, at *4 (E.D.N.C. Apr. 16, 2014) (citing Gravelle I).

7

As stated above, in Gravelle II, there was a final judgment on the merits. Second, there is an identify of causes of action between that case and plaintiff's second cause of action in the instant matter, as evidenced by the exact same facts alleged in support of both matters, that defendant is in violation of the Patent Act, Lanham Act, and UDPA for falsely advertising EZ Code machine as having "patent pending" feature.

Finally, there is an identity of parties. Plaintiff in this matter was also the plaintiff in Gravelle II.[9] Defendant Kaba was a defendant in Gravelle II. Although defendants Belflower and Murray were not defendants in Gravelle II, they are former employees of defendant Kaba and were acting in their capacities as Kaba employees when the alleged wrongdoing was committed. Parties are in privity for purposes of res judicata where they are "so identified in interest . . . that [they] represent the same legal right in respect to the subject matter involved." Martin v. Am. Bancorporation Ret. Plan, 407 F.3d 643, 651 (4th Cir. 2005). Defendants Belflower and Murray are employees of defendant Kaba and regarding this matter share the interests of the company itself, previously sued by plaintiff. Such a relationship is sufficient to establish privity.

Thus, plaintiff's second claim, including any claim under the Patent Act and Lanham Act, must be dismissed for failure to state a claim as barred by claim preclusion.[10]

---

[9] Plaintiff brought Gravelle II "on behalf of himself, his manufacturing company, the public at large, and the United States government," identifying the company as KeyPro Manufacturing. (Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, DE 1-2 at 1). Plaintiff brings the instant suit "on behalf of himself and as an officer of CodePro Key Corporation." (DE 1-1 at 2). Because plaintiff is the sole proprietor of each of his companies, it is of no matter under which company name he brings suit. See Jeroski v. Fed. Mine Safety & Health Review Comm'n, 697 F.3d 651, 652 (7th Cir. 2012) ("A proprietorship is not a legal entity, but merely a name under which the owner, who is the real party in interest, does business.").

[10] The court notes that plaintiff's claim is also barred by issue preclusion.

A party seeking to rely on the doctrine of collateral estoppel is obliged to establish five elements: (1) that the issue sought to be precluded is identical to one previously litigated ("element one"); (2) that the issue was actually determined in the prior proceeding ("element two"); (3) that the issue's determination was a critical and necessary part of the decision in the prior proceeding ("element

8

3. Competition Act

Plaintiff brings a third claim under the "Competition Act of Canada," arguing that defendants' actions of falsely advertising EZ Code machine as having "patent pending" features were also in violation of that act. Here, there is no question that plaintiff's claims in this suit and claims in plaintiff's previous suit "arise out of the same transaction or series of transactions or the same core of operative facts," and is thus barred by the rule against claim splitting. Pueschel, 369 F.3d at 355. "The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." Lee v. Norfolk S. Ry. Co., 802 F.3d 626, 635 (4th Cir. 2015) (citation omitted); see also United States v. Akinsade, 686 F.3d 248, 263 (4th Cir. 2012) (citation omitted) ("The doctrine of res judicata also prevents claim splitting or the use of several theories of recovery as the basis for separate suits.").

Plaintiff is barred from bringing a different theory of recovery based on the same allegations as previously alleged against the same defendants. Therefore, plaintiff's third claim must be dismissed for failure to state a claim as barred by claim preclusion.

D. Prefiling Injunction

The court recognizes that defendant Kaba has twice requested that the court issue a prefiling injunction against plaintiff. See Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, 2014 WL 1513138, at *4 (E.D.N.C. Apr. 16, 2014) (denying defendant's request for prefiling injunction); (Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, DE 100 at 1-17 (defendant's renewed request

---

three"); (4) that the prior judgment is final and valid ("element four"); and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum ("element five").

Westmoreland Coal Co., Inc. v. Sharpe ex rel. Sharpe, 692 F.3d 317, 330 (4th Cir. 2012) (citation omitted). All five of these elements are met in the instant case.

for prefiling injunction)).

The court maintains the authority under the All Writs Act, 28 U.S.C. § 1651, "to limit access to the courts by vexatious and repetitive litigants." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir.2004). This remedy must be used sparingly, and access to the court should not be limited absent exigent circumstances. Id. at 817–18. "In determining whether a pre-filing injunction is substantively warranted," this court is required to

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818. The court must narrowly tailor any injunction to fit the specific circumstances justifying the injunction. Id.

As stated above, plaintiff has filed three lawsuits against defendant Kaba in this court wherein Gravelle II, the court determined that plaintiff's claim asserting the invalidity of an arbitration agreement existing between the parties was barred by claim preclusion as decided in Gravelle I, and wherein here, Gravelle III, the court holds that plaintiff's claims are barred as previously decided in Gravelle II. Plaintiff's history of litigation weighs against him.

However, it is not entirely clear that plaintiff simply intended to harass by the filing of this suit, nor that an injunction is required to prevent further frivolous litigation with respect to plaintiff's claim against defendant Kaba, its entities, and its employees, regarding the enforceability of the arbitration agreement between the parties, defendant's advertising of EZ Code as having "patent pending" features, or the alleged wrongdoing of defendant during the course of Gravelle II. Accordingly, the court declines to enter such an injunction at this time but warns plaintiff that any

further frivolous litigation arising out of these claims may very well result in a prefiling injunction being entered against him.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to proceed in forma pauperis (DE 1) is GRANTED. Plaintiff's action is DISMISSED without prejudice pursuant to § 1915(e)(2)(B) for failure to state a claim. The clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge